**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Royal Shawn BINGAMAN,**
**Defendant—Appellant.**

**No. 04–10250.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 31, 2006.*

Decided Feb. 6, 2006.

Darin Lahood, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before HAWKINS and GRABER, Circuit Judges, and SELNA,** District Judge.

MEMORANDUM ***

Defendant Royal Shawn Bingaman appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

Defendant was arrested at about 10 a.m. on October 22, 2002. He was advised of his *Miranda*[1] rights at the scene, waived those rights, and admitted that he had borrowed a gun for several days. He was then taken to jail. Defendant alleges that he was interviewed the next morning for 45 minutes to 60 minutes before *Miranda* warnings were again administered. At

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

9:15 a.m., a taped interview was conducted with Defendant. On tape, he was read *Miranda* warnings, waived his rights, and confessed again to having possessed the gun.

Defendant argues that the district court erred in admitting his taped confession because it was the product of a two-step interrogation process in violation of *Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). *See United States v. Williams,* 435 F.3d 1148 (9th Cir.2006) (discussing *Seibert*). We need not reach this issue, for two reasons. First, the warnings administered on October 22 were still effective on October 23. *United States v. Rodriguez–Preciado,* 399 F.3d 1118, 1126–30 (9th Cir.), *amended by* 416 F.3d 939 (9th Cir.2005). Therefore, even if Defendant had been questioned before the tape was turned on and warnings were administered again, there was no *Miranda* violation. Second, Defendant does not argue on appeal that his first confession should have been suppressed. One properly admitted confession, along with other strong evidence of Defendant's guilt, renders any error in admitting the second confession harmless. *See United States v. Polanco,* 93 F.3d 555, 562 (9th Cir.1996) (noting that error is harmless if it "did not contribute to the verdict obtained" (internal quotation marks omitted)).

Defendant also argues that the prosecutor impermissibly vouched for the credibility of certain witnesses at his trial. We agree that the prosecutor made improper statements about the veracity of police officers who testified against Defendant by commenting that the officers "risk their careers by [lying], risk their jobs, their families, their pensions." The prosecutor "clearly urged that the existence of legal and professional repercussions served to ensure the credibility of the offi-

cers' testimony." *United States v. Weatherspoon,* 410 F.3d 1142, 1146 (9th Cir. 2005). However, unlike the otherwise similar situation in *Weatherspoon,* the police testimony here was not the only evidence of Defendant's guilt. In view of Defendant's confessions and of the other evidence against him, the error was harmless beyond a reasonable doubt. *See United States v. de Cruz,* 82 F.3d 856, 863–64 (9th Cir.1996) (noting that compelling evidence of the defendant's guilt weighs in favor of finding prosecutorial misconduct harmless).

AFFIRMED.